State of Wisconsin, Plaintiff-Respondent,
v.
Christopher N. Pflieger, Defendant-Appellant.
No. 03-2576-CR.
Court of Appeals of Wisconsin.
Opinion Filed: June 8, 2004.
Before Cane, C.J., Peterson and Deininger, JJ.
¶1 PER CURIAM.
Christopher Pflieger appeals a judgment convicting him of two counts of second-degree sexual assault of a child and an order denying postconviction relief. He argues that the trial court erroneously exercised its sentencing discretion when it imposed ten years' probation consecutive to a tenyear sentence. We affirm the judgment and order.
¶2 Pflieger entered a no contest plea to two counts of second-degree sexual assault and the State agreed to dismiss a charge of repeated sexual assault of a child, as well as a concealed weapon charge. The dismissed charges were read in for sentencing. There was no agreement as to sentencing recommendations.
¶3 At the plea hearing, the trial court relied upon the facts of the criminal complaint. The complaint states that officers encountered Pflieger in a parked car engaged in sexual activity with the underage victim. Attached to the complaint was a copy of Pflieger's statement that Pflieger, age thirty-five, contacted a fifteen-year-old boy through a website and had sexual contact and intercourse with him on five occasions in Pflieger's vehicle and in the boy's home. The complaint stated that although Pflieger said he believed the boy was eighteen, the officers did not believe Pflieger for a variety of reasons, including the boy's youthful appearance.
¶4 The court sentenced Pflieger to an initial term of confinement of four and one-half years and extended supervision for five and one-half years, for a total of ten years. The court withheld sentence on the second count and placed Pflieger on probation for ten years to be served consecutively to the first sentence. The court ordered 240 days of sentence credit.
¶5 Pflieger acknowledges that the sentence imposed was well within the maximums. He does not object to the sentence imposed on the first count, but challenges the length of consecutive probation on the second count.
¶6 On appeal, our review is limited to determining if discretion was erroneously exercised. State v. Gallion, 2004 WI 42, ¶17, 678 N.W.2d 197. "When discretion is exercised on the basis of clearly irrelevant or improper factors, there is an erroneous exercise of discretion." Id. When the exercise of discretion has been demonstrated, we follow a consistent and strong policy against interference with the discretion of the trial court in passing sentence. "[S]entencing decisions of the circuit court are generally afforded a strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." Id., ¶18 (citation omitted). The "sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." Id., ¶23 (citation omitted).
¶7 "Circuit courts are required to specify the objectives of the sentence on the record. These objectives include, but are not limited to, the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence to others." Id., ¶40. Also, under truth-in-sentencing, the legislature has mandated that the court shall consider the protection of the public, the gravity of the offense, the rehabilitative needs of the defendant and other aggravating or mitigating factors. Id., n.10.
¶8 Here, the record reflects an appropriate exercise of sentencing discretion. The court noted that this was Pflieger's first offense, but that it was a serious offense under Wisconsin law. The court stated that the victim's age made the offenses felonies and it was Pflieger's responsibility to ascertain the victim's age. The court concluded that because Pflieger represented a danger to the community, a lengthy term of probation in addition to a significant term of confinement and extended supervision was necessary to serve the sentencing goals of protection of the public and rehabilitation.
¶9 The court specifically explained the objectives of the sentence, its reasons for imposing consecutive probation and withholding sentencing on that count. The court considered the nature of the crimes, which involved Pflieger's repeated sexual assaults of an underage victim, who Pflieger sought out through the Internet. The court explained that a prison term is required when there is repeated sexual contact with a minor and that a lengthy probation was necessary "to make sure that there's some supervision so that if there is a re-offense, that the person can be pulled back into the system rather rapidly."
¶10 Pflieger argues that the record fails to support the trial court's conclusion that he represents a significant likelihood he would re-offend. He states that he met the victim on an Internet chat room that was intended for adults only. He asserts that he repeatedly asked the victim his age. The victim assured him he was over eighteen. Pflieger also points to his lack of a prior record. He argues, "there is nothing in the record from which the court could conclude that there was any possibility, let alone a significant one, that [Pflieger] was in any way likely [to re-offend] in the future." Pflieger argues that the facts of record permit an inference that the victim was a college student living at home with his parents.
¶11 Pflieger's argument fails to demonstrate an erroneous exercise of sentencing discretion. At the hearing on Pflieger's postconviction motion, the court acknowledged the psychological report that indicated Pflieger had a low chance of re-offending. Based on Pflieger's conduct, however, the sentencing court lacked confidence that his risk of re-offense was low. The officers at the scene stated that the victim's appearance was of a very young person and Pflieger had picked the victim up where he lived, at his parents' home, because the victim had no driver's license. Pflieger admitted to officers that the victim told him his parents restricted his use of the Internet because his studies were suffering. Pflieger also told officers that the victim's bedroom looked like a typical teenage bedroom.
¶12 Pflieger contends these facts give rise to conflicting inferences. Nonetheless, we conclude that it was not error for the sentencing court to rely on them as a basis for its concern that Pflieger posed a danger to the public. Pflieger seeks the sentencing court to view the facts in the light most favorable to him. He offers no legal authority that the court is required to do so. To the contrary, the sentence may be based upon factors that can be reasonably derived by inference from the record. McCleary v. State, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). Here, Pflieger admitted to prowling for sexual partners not only on the Internet, but also at a highway wayside. It was reasonable for the trial court to infer that Pflieger represented a risk to community safety in light of his admitted conduct of seeking sexual activity with strangers and engaging in sexual activity when facts give rise, as they did here, to conflicting inferences regarding the victim's underage status. Pflieger's admitted activities resulted, in this case, in criminal culpability. That the sentencing court reached this inference does not, as Pflieger suggests, require him to prove a negative.
¶13 The court gave weight to its concern with protection of the public, noting that lengthy postconfinement supervision would permit Pflieger to demonstrate that he is, as he claims, a low-risk for re-offense. The court stated that it fashioned a flexible sentence to permit consideration of Pflieger's rehabilitative needs. If Pflieger would fail on probation, he could be swiftly reincarcerated but only after a sentencing court reevaluated his rehabilitative needs. Thus, the court's sentence took into account the appropriate factors and explained its objectives. Because the record demonstrates that the court reasonably exercised its discretion, we do not overturn the sentence on appeal.
By the Court.  Judgment and order affirmed.